(54 Misc. Rep. 28)

PEOPLE ex rel. WEST SHORE TRACTION CO. v. BAUER et al.

(Supreme Court, Special Term, Westchester County.)

1. MUNICIPAL CORPORATIONS—GRANT OF RIGHT TO USE STREET FOR PURPOSES OTHER THAN HIGHWAY—POWER TO GRANT FRANCHISE.

The local authorities of a village or town may grant a franchise for the building and operating of a street surface railway to two or more rival companies, provided the routes are not the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1485.]

2. STREET RAILROADS—ACQUISITION OF RIGHTS IN STREETS—LICENSE OR CONSENT OF MUNICIPALITY.

The granting of the state railroad commissioner's certificate of convenience and necessity to a railroad corporation is not a prerequisite to the granting to it of a local franchise, but it may obtain the certificate after it has received the local franchise.

3. PROHIBITION—NATURE AND GROUNDS.

A railroad corporation, which owns no property, is not a taxpayer or resident of a village, has no vested rights therein, no village consent or franchise, and has applied for none over the route proposed by the defendant company, and has no certificate of convenience and necessity for that route, is not entitled to a writ of prohibition to prevent the village authorities from granting a franchise to defendant to construct a line of trolley railroad through the village.

4. SAME—MOTION TO DISMISS—ALTERNATIVE WRIT.

Code Civ. Proc. § 2097, provides that an objection to the legal sufficiency of the papers upon which a writ of prohibition was granted may be taken in the return, and that a motion to set aside the alternative writ for any matter not involving the merits must be made at a term where the writ might have been granted. *Held*, that an objection to the sufficiency of the papers upon which a writ was granted may be taken in the return or presented at a Special Term of the court before the return day.

Motion to set aside a writ of prohibition granted in a proceeding by the people of the state of New York, on the relation of the West Shore Traction Company, against Frederick W. Bauer and others, president and trustees of the village of Piermont, and another. Motion granted.

Edw. J. Welch, for relator.
White & Case, for defendant Rockland R. Co.

TOMPKINS, J. A writ of prohibition was granted by the court on April 24, 1907, commanding the defendants to refrain from granting a franchise to the Rockland Railroad Company to construct a line of trolley railroad through the village of Piermont, and was made returnable on the third Saturday of May, at a Special Term to be held at White Plains. A motion is now made by the defendants to set aside the said writ upon the papers upon which the same was granted,

and upon the grounds that such papers were and are legally insufficient as a foundation for said writ.

The relator has an application pending before the trustees of the village of Piermont for a franchise to build and operate its proposed trolley railroad through and along Piermont avenue, in said village of Piermont. This application has not yet been acted upon by the village board. At the time of the allowance of the writ of prohibition, the defendant the Rockland Railroad Company also had an application pending with the said board of trustees of the village of Piermont for a franchise or consent to construct, maintain, and operate a street railroad through the said village of Piermont, but over and along an entirely different route than that described in the petition of the relator as its route. This application to set aside the writ of prohibition on the ground that the papers upon which it was granted were legally insufficient must be granted. In the first place, there is nothing in the law to prevent the local authorities of a village or town from granting a consent or franchise for the building, maintaining, and operating of a street surface railway to two or more rival companies, provided the routes are not the same. In this case the routes described in the petitions of these two companies are entirely different and do not touch each other at any point.

It is urged on behalf of the relator that the Rockland Railroad Company has no certificate from the state board of railroad commissioners of public convenience and necessity, under section 59 of the railroad law, for the route through the village of Piermont described in its petition, and for that reason the village authorities have no right to give the village consent. There is nothing in the railroad law, or in any statute, that requires the granting of the state railroad commissioner's certificate as a prerequisite to the granting of local consents or franchises. There is nothing in the law to prevent the Rockland Railroad Company making application for and receiving a certificate of public convenience and necessity after it has received its local franchise.

The papers upon which the writ was granted fail to show any such interest on the part of the relator that entitles it to a writ of prohibition against the village authorities. It owns no property, and is not a taxpayer or resident of the village. It has no vested right and no village consent or franchise, and has applied for none, over the route proposed for the defendant Rockland Railroad Company, and it has no certificate of convenience and necessity for that route. It simply occupies the position of an applicant for the consent of the village authorities for its proposed route, while the Rockland Railroad Company is seeking a like consent for its proposed route. The court will not interfere at such a stage to prevent the exercise by the village authorities of their judgment and discretion.

The argument is made by counsel for the relator that the writ cannot be set aside upon motion, and that the points now made against the sufficiency of the papers should be presented by demurrer or in the return. The Code of Civil Procedure fails to provide for a demurrer to an alternative writ of prohibition, but does provide (section 2097) that an objection to the "legal sufficiency of the papers upon

which the writ was granted may be taken in the return," and that a motion to set aside the alternative writ, for any matter not involving the merits, must be made at a term where the writ might have been granted.   These provisions justify the inference that an objection to the sufficiency of the papers may be taken in the return, or presented at a Special Term of the court before the return day.

Motion to set aside writ granted.